KENNEDY *v.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 2,514.   Filed May 25, 1898.]

RAILROADS.—*Damages for Lands Taken for Right of Way.—Complaint.*—A complaint in an action against a railroad company for the recovery of damages for lands taken for right of way without assessment of damages therefor as provided by statute, sections 905, 906, 909, R. S. 1881, is not bad for failing to aver any negotiation or attempt at an agreement between the parties before the beginning of the action.

From the Madison Circuit Court.   *Reversed.*

*Ed. F. Daily* and *Bagot, Ellison & Bagot,* for appellant.

*C. E. Cowgill, J. W. Lovett* and *F. E. Holloway,* for appellee.

HENLEY, C. J.—At the time of the construction of the Cincinnati, Wabash & Michigan, Railway, and at the time this action was commenced, the appellant, then a minor, was the owner of a certain tract of land in Madison county, Indiana.   The corporation owning and constructing said road entered upon appellant's real estate and appropriated a portion of it for the right of way of its said railroad and constructed its said railroad upon and over that portion of appellant's real estate so appropriated.   The entry and appropriation being without any legal proceedings there-

for.  After the construction of the railroad by the Cincinnati, Wabash & Michigan Railway Company as aforesaid, and before this action was commenced, said company sold all of its property and effects to this appellee.  Upon appellant becoming of age she instituted this action under sections 905, 906, 909, R. S. 1881, for the purpose of securing from appellee some compensation for her land taken and held by it.  The lower court sustained appellee's demurrer to the amended complaint.  The sufficiency of the complaint is the only question before this court.  The complaint is short, and is, omitting the formal parts, in the following words: "Nora E. Kennedy, plaintiff, complains of the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, defendant, and says that the plaintiff is now, and for the last ten years has been the owner of certain real estate in the county of Madison and State of Indiana; that heretofore the Cincinnati, Wabash & Michigan Railroad Company, a corporation owning and operating a railroad in and through said Madison county, entered upon plaintiff's said real estate and located and fixed a line of its railroad then known as the Cincinnati, Wabash & Michigan Railroad, through across and upon plaintiff's said land, and took and appropriated for said road the following part of said real estate, to wit: Beginning at a point 389 feet west of the center of section 3, township 17 north, range 8 east, in Madison county and State of Indiana, and running thence north, 21 degrees 40 minutes west, 811 feet; thence south 289 feet, thence south, 21 degrees 40 minutes east, 506 feet, thence east 68 feet to the place of beginning.  Which real estate is and was at the time it was taken and appropriated by the said Cincinnati, Wabash & Michigan Railroad Company of the value of $300.00, in which amount the plaintiff has been damaged by the appropriation thereof.  That

after said Cincinnati, Wabash & Michigan Railroad Company so took and appropriated said real estate for the purpose aforesaid, it built and constructed a railroad track over and upon the same, and ever since then said Cincinnati, Wabash & Michigan Railroad Company and the defendant, its succcessor, has been running their cars thereover. That after the Cincinnati, Wabash & Michigan Railroad Company so took and appropriated said real estate and so built and constructed said railroad over same, as aforesaid, it sold and transferred its said railroad and right of way, including the said real estate, to the defendant; and the said defendant then and there succeeded to all rights of said Cincinnati, Wabash & Michigan Railroad Company, and then and there took possession of the railroad and said real estate, and has been ever since operating its trains and cars over said railroad and over said real estate, during all of which time the plaintiff was a minor under the age of twenty-one years, by reason of which the plaintiff has been deprived of the use and possession of said described real estate, and has been damaged in the sum of $300.00; that neither of said railroad companies paid or tendered to this plaintiff, or any one else for her, any amount whatever for said real estate, although she and her guardian both demanded payment therefor of both of said companies before the bringing of this proceeding. Wherefore, plaintiff prays the court that a writ of assessment of damages may issue herein, and that she have judgment for the amount of damages assessed. The law under which this application is made is sections 905, 906, 909, of Revised Statutes of 1881."

It is contended by counsel for appellee that this complaint is bad for the reason that it does not aver any negotiation or attempt at an agreement between the parties before beginning the action; that the aver-

ment that the parties had attempted and failed to agree was a condition precedent to the plaintiff's right of instituting these proceedings, and its absence from the complaint rendered ít insufficient.

Sections 905, 906, 909, R. S. 1881, are as follows: Section 905. "When any person, corporation, or company design to construct a canal, or railroad, or turnpike, graded, macadamized, or plank road, or bridge, or establish a ferry, as a work of public utility, although for private profit, being authorized by law to take real property therefor, such person, corporation, or company may have a writ of assessment of damages." Section 906. "Such person, corporation, or company may file an application for a writ in the circuit court, or, in vacation, in the office of the clerk thereof, setting forth the precise description of the real estate desired to be taken, the names of the persons interested therein, making them defendants, and the purposes to which the same is to be converted, and refer to the law which authorizes the taking of the property. The clerk shall thereupon issue to the sheriff a writ of assessment of damages, reciting therein the material part of the application, and direct the sheriff to assess the damages by a jury." Section 909. "Any person having any interest in any land which has been or may be taken for any such public work may have the benefit of this writ upon his own application, made as above provided, upon which like proceedings shall be had as in case of applications made by the corporation, company, or person prosecuting the work."

We do not believe that it is necessary that the complaint contain any such allegation as appellee contends it should, when, as in this case, the property had already been taken by the company, and the time for negotiations as directed in section 3907, R. S. 1881, had passed. The case of *Lake Shore, etc., R. W. Co.* v.

Trustees, etc., v. Shoemaker's Estate.

*Cincinnati, etc., R. W. Co.*, 116 Ind. 578, is not in point here. This case is controlled by an entirely different statute from the one in the case cited, and by a statute which is not applicable and could not be made to cover a case where damages are asked or a writ of assessment demanded, on account of one railway crossing the right of way of another railway.

The complaint in the case at bar contained all the material allegations contemplated by the statute in cases of its kind. It averred the taking of appellant's property, a precise description of the property taken; that the property taken was the property of appellant at the time it was so taken, and at the time of the commencement of this action; that the action was prosecuted under certain statutes, referring to them, and was brought against the company in possession. The lower court erred in sustaining the demurrer to the appellant's application, for which reason the cause is reversed, with instructions to the lower court to overrule the demurrer to the complaint or application of the appellant herein.